UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-21035-JB


PEDRO LUIS RODRIGUEZ
CANDANO,

      Petitioner,

v.

FIELD OFFICE DIRECTOR,
Miami Field Office,
U.S. Immigration and Customs Enforcement,
*et al.*,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Pedro Luis Rodriguez Candano's Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response Opposing the Petition and Petitioner filed a Notice of Supplemental Authority. ECF Nos. [8], [9]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.    BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since February 2022. ECF No. [1] ¶22. On August 30, 2022, Petitioner filed his Form I-589, Application for Asylum and Withholding of Removal, and an Application for Adjustment of Status under the Cuban Adjustment Act. *Id.* ¶23.

Petitioner alleges that on November 18, 2024, he was wrongfully incarcerated with battery and robbery, where he remained for a year before both charges were dismissed due to the "overwhelming evidence that Petitioner was the victim, not the perpetrator." *Id.* ¶ 28; *see* ECF No. [1-4].  After the dismissal, rather than releasing the Petitioner, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE"), where he continues to be held.  ECF No. [1] ¶24.

On September 9, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a).  ECF No. [1-1].

On January 28, 2026, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for a bond hearing.  ECF No. [1-5].  The IJ denied bond without conducting a dangerousness or risk of flight determination.  The IJ concluded that it lacked jurisdiction over Petitioner's detention status pursuant to the Board of Immigration Appeals' ("BIA") published decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that IJs lack authority to consider bond requests of noncitizens who have resided in the United States but have not been admitted or paroled because those individuals are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2).  *See id.*; 29 I. & N. Dec. at 221.

On February 17, 2026, Petitioner filed the instant Petition.  ECF No. [1]. Petitioner raises four claims, one of which is asserted in the alternative.  Counts I and II allege that Petitioner's continued detention without an individualized bond hearing violates substantive and procedural due process.  *Id.* at ¶¶ 52–56.  Count III alleges that Petitioner's continued detention without a bond hearing contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States and was residing in the country before being placed in removal proceedings.  *Id.* at ¶¶ 57–58.  Petitioner requests that the Court declare that Respondents' "actions or omissions violate the Due Process Clause of the Fifth Amendment of the U.S. Constitution and/or the INA" and order Respondents to "provide Petitioner with a prompt and constitutionally adequate bond hearing before an immigration judge with jurisdiction under 8 U.S.C. ¶ 1226(a), at which the government bears the burden of proving by clear and convincing evidence that continued detention is justified."  *Id.* at 18 c. and d.

Respondents filed its Response to the Petition.  ECF No. [8].  The Response does not set forth any specific analysis of the legal arguments that Respondent asserts in opposition to the Petition.  Rather, Respondents advise that in light of the fact that "Judges in this District have reached the opposite conclusion," and have consistently held that detainees such as Petitioner are not subject to mandatory detention, Respondents "submit[ ] [an] abbreviated response . . . in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and

party resources, and to expedite the Court's consideration of this matter." *Id.* at 2. The Government also declined to attach any records or documents as requested in this Court's Order to Show Cause, ECF No. [4], and instead noted that the documents attached to the Petition are sufficient for the resolution of the Petition. ECF No. [8] at 1–2, n.2.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. <u>Legality of Petitioner's Mandatory Detention</u>

The Response only addresses the Petitioner's argument that his detention is governed by 8 U.S.C. section 1226(a), as opposed to 8 U.S.C. section 1225(b)(2)(A). *See generally* ECF No. [8]. The Court examines each of these statutes in turn.

#### i.   <u>8 U.S.C. § 1225</u>

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected

by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.* Respondents concede that Petitioner is "not subject to detention under 8 U.S.C. § 1225(b)(1)." ECF No. [7] at 12.

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is mandatory.  *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.   <u>8 U.S.C. § 1226</u>

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings."  *Jennings*, 583 U.S. at 289 (emphasis added).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a).  The statute thus "establishes a discretionary detention framework."  *Gomes*, 2025 WL 1869299, at *2.  Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii.   <u>Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)</u>

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction.  *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a

6

matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's detention, DHS proceeded under section 1226. Specifically, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." ECF No. [1-1]. Instead, the NTA charged him as "present in the United States without admission or parole." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the

7

United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g.*, *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025

8

WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor. *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA. Accordingly, Count III of the Petition is meritorious, and Petitioner is entitled to relief thereon.

The Court declines to reach the merits of Petitioner's Fifth Amendment due process claims raised in Counts I and II of the Petition, as it is granting the relief he seeks in Count III. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the

9

merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8.  Should Respondents fail to comply with this Order by providing Petitioner a bond hearing consistent with section 1226(a), Petitioner may renew his due process claim.  Given that Counts I and II are unripe claims contingent on Petitioner not receiving a custody determination hearing under section 1226(a), "the Court must dismiss it without prejudice[.]" *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all[.]'" (alteration added; quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

## III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED  AND  ADJUDGED**  as follows:

1.      Petitioner Pedro Luis Rodriguez Candano's Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.      Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.      Counts I and II of the Petition are **DISMISSED WITHOUT PREJUDICE**.

4.      The      Clerk      is      directed      to      **CLOSE**      this      case.

**DONE AND ORDERED** in Miami, Florida this 20th day of April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

11